IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

TIMOTHY WEDDLE,

Defendant.                                        No. 05-CR-30015-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

On November 7, 2011, Timothy Weddle, *pro se*, filed a motion under 18 U.S.C. § 3582(c)(2) for reduction of sentence based on retroactive guideline Amendment 750, effective November 1, 2011, concerning cocaine base ("Crack") (Doc. 806).  The Court appointed counsel to represent Weddle on the issue of a sentencing reduction in light of the amendment to the United States Sentencing Guidelines, and Counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 822).  *See Anders v. California*, 386 U.S. 738, 744 (1967).  Thereafter, the Court allowed Weddle an opportunity to respond to the motion to withdraw; he did so on February 1, 2013 (Doc. 826).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court

must consider the factors set forth in 18 U.S.C. 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Weddle cannot satisfy the first criterion of the statute because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). The Sentencing Commission issued U.S.S.G. Amendment 750, effective November 1, 2011, intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. Weddle, however, was sentenced on his base level set forth in U.S.S.G. § 4B1.1 ("Armed Career Offender"), not his base offense level set forth in U.S.S.G. § 2D1.1. Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. *See United States v. Williams*, 694 F.3d 917, 918 (7th Cir. 2012) (Career

offenders are not eligible for crack disparity reductions.). The Court lacks subject matter jurisdiction to consider Weddle's reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38.

Moreover, even if Weddle was not a "career offender" and not sentenced accordingly, he would still be ineligible to have his sentence reduced. Amendment 750 and the Fair Sentencing Act of 2010 pertain only to offenses regarding crack cocaine. But Weddle was sentenced for a crime involving powder cocaine only; in excess of 5 but less than 15 kilograms of powder cocaine. Consequently, Weddle's guideline range has not been lowered and he is not entitled to a benefit from Amendment 750 on that basis either. His motion is frivolous.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 822) and **DISMISSES for lack of jurisdiction** the motion for sentence reduction (Doc. 806).

**IT IS SO ORDERED.**

Signed this 30th day of May, 2013.

David R. Herndon
2013.05.30
15:11:03 -05'00'

**Chief Judge**
**United States District Court**